**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| COLTON CATHEY and CAC OPERATIONS, LLC, d/b/a A1'S TOWING AND HAULING,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS and CERELYN DAVIS, in her individual capacity,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:23-cv-02707-SHL-tmp |

**ORDER GRANTING DEFENDANTS' MOTION TO QUASH
PLAINTIFFS' REQUEST FOR DOCUMENTS AND RECORDS**

By motion filed April 30, 2026, Defendants City of Memphis and Memphis Police Chief Cerelyn Davis seek to quash Plaintiffs Colton Cathey and CAC Operations, LLC's untimely request for documents and records. (ECF No. 164.) The current Motion appears related to two underlying discovery requests first made by Plaintiffs in late 2025, that they recently sought to expand the scope of: a "Subpoena to Testify at a Deposition in a Civil Action" (ECF No. 144) by production of documents and a "Notice to Take Deposition Upon Written Questions to M.P.D. Director" (ECF No. 154). For the reasons stated below, the Motion is **GRANTED**.

The Court entered the Second Amended Scheduling Order on November 12, 2025. (ECF No. 140.) That Scheduling Order set January 30, 2026, as the close of written discovery. (Id. at PageID 1111.) It further set the deadlines for depositions, and completing all discovery, as May 1, 2026. (Id.)

After the Scheduling Order was entered, on December 16, 2025, Plaintiffs served a subpoena duces tecum under Federal Rule 45(c)(2)(A), titled Subpoena to Testify at a

Deposition, requiring production of documents, on the Keeper of Records for the City.  (ECF No. 144.)  The subpoena sought "all Memphis Police Dept body camera footage from any incident or interaction with Colton Cathey," and "any of his employees," and listed said employees.  (Id. at PageID 1117.)  The deadline for production was January 15, 2026.  (Id. at PageID 1117.)

A week later, Plaintiffs filed a Notice to Take Deposition Upon Written Questions and served it on Defendant Chief Davis.  (ECF No. 154.)  Relevant here, the notice stated the following in Question 30:

> Please produce all telephone logs of calls to you about the plaintiffs or any of their employees, all emails, telefaxes, memoranda, all correspondence, reports, documents, files, and everything whatsoever relating to Colton Cathey or CAC Towing and Hauling, LLC dba A1 Towing & Hauling or A1's Xclusive Auto AXA, LLC, since 2022?

(ECF No. 154 at PageID 1140-41.)

According to Plaintiffs, the January 2026 ice storm in west Tennessee threw a wrench into the Parties' discovery activity, but Defendants aver that they "provided to Plaintiffs" the body-worn camera footage ("BWC") at issue in the above subpoena well before the close of discovery.  (ECF No. 170 at PageID 1192.)  However, Plaintiffs argue that the Keeper of Records "did not respond either in January or any other time."  (ECF No. 167 at PageID 1175.)

In addition, Defendants responded to the Notice to Take Deposition in writing.  (ECF No. 167-1.)  In response to Question 30, Chief Davis stated, "I do not maintain any such logs of any such calls, nor do I maintain any documents relating to these parties."  (Id. at PageID 1185.)

Apparently unsatisfied with the production and responses given, on April 5, 2026, Plaintiffs served a second subpoena duces tecum, titled Subpoena to Testify at a Deposition and

2

requiring production of documents, on the Keeper of Records, with a deadline of April 30. (ECF

No. 163.) That subpoena requested

> All documents, emails, texts relating to or named within, Colton Cathey, Kenneth
> Rucker, Mr. Christopher, Quinterius Harrell, Michael Lewis Williams, Jr, Bria
> Barber, Rickey Hines, Justin Miller, Pierre Spencer, Rufus Newsom, Gary Rhodes,
> CAC Operations LLC dba A1's Towing & Hauling aka A1's Xclusive AXA Auto,
> LLC incl but not limited to Affidavits of Complaints, Arrest Reports . . .

(ECF No. 163 at PageID 1158.)

Defendants filed the instant Motion on April 30, 2026, seeking to quash Plaintiffs' most

recent subpoena to produce records "as untimely." (ECF No. 164 at PageID 1160.) They

highlight that "the subpoena seeks production of documents from a party after the close of

written discovery." (Id.) Citing the Scheduling Order, Defendants assert that "written discovery

was due January 30, 2026, and required a 45-day prior notice to allow time for completion of

that phase of discovery." (Id.) Given that Plaintiffs' subpoena is a late request for written

discovery, and the fact that Defendants satisfied the previous, timely discovery requests,

Defendants argue that Plaintiffs seek to "circumvent" the discovery rules through the latest

subpoena. (Id. at PageID 1161 (quoting Olmstead v. Fentress County, No. 16-cv-00046 2018

U.S. Dist. LEXIS 201404, at *8 (M.D. Tenn. Nov. 28, 2018)).)

Plaintiffs responded in opposition to the Motion on May 10, 2026. (ECF No. 167.) They

argue that the subpoena was timely and only filed because they do "not believe that all

documents have been produced, after taking 6 depositions of various officers in April." (Id. at

PageID 1175.)

Defendants' arguments are well taken. As an initial point, the subpoena at issue is a

request for written discovery filed nine weeks after the close of written discovery under the

Scheduling Order. What is more, the subpoena requests a wide-ranging swath of information

3

that Plaintiffs could have, and did not, request before January 30, 2026.  (See ECF No. 163 at

PageID 1158.)  The subpoena requests all "documents, emails," and "texts relating to" Cathey

and several individuals associated with him.

Indeed, although Plaintiffs argue that this request is somehow a renewal of their initial

subpoena served on the Keeper on December 16, 2025, that argument is untenable, because the

initial request was related solely to BWC footage, which Defendants aver they have already

provided.  Here, the April subpoena is an extremely tardy attempt to "circumvent Rule 34" and

"other discovery rules," including the written discovery deadline from the Scheduling Order that

was entered over six months ago.[1]  See Olmstead, 2018 U.S. Dist. LEXIS 201404, at *9; see also

Raymond James & Assocs. v. 50 N. Front St. TN, No. 18-cv-2104, 2019 U.S. Dist. LEXIS

238466, at *11–14 (W.D. Tenn. Sep. 27, 2019) (treating a subpoena duces tecum as written

discovery and ruling that, when served on the deadline for written discovery, it was untimely);

Elvis Presley Enters. v. City of Memphis, 2020 U.S. Dist. LEXIS 133559, at *14 (W.D. Tenn.

Apr. 6, 2020) ("To allow [party] to use Rule 45 to circumvent the requirements of a court-

mandated discovery deadline would clearly be contrary to the traditional interpretation of the

Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner

that is internally consistent." (quoting Neel v. Mid-Atlantic of Fairfield, LLC, No. SAG-10-cv-

405, 2012 U.S. Dist. LEXIS 3292, at *5 (D. Md. Jan. 11, 2012) (internal quotation marks

omitted)).

For the reasons stated above, the City's Motion is **GRANTED**.  The Court **QUASHES** the

April 5, 2026, subpoena filed by Plaintiffs.

---

[1] Furthermore, discovery here began in early 2024, and discovery as to the Defendant
Officers was stayed in 2025 pending disposition on a motion to dismiss.  (See generally ECF No.
135.)  This history mitigates against allowing Plaintiffs' late request to survive the Motion.

**IT IS SO ORDERED**, this 17th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE